IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARIO WILLIAMS,

       Petitioner,

 v.

LOUIS WILLIAMS, II,

       Respondent.

ORDER

17-cv-730-jdp

---

  Pro se petitioner Mario Williams, a prisoner in the custody of the Federal Bureau of Prisons currently housed at the Federal Correctional Institution in Oxford, Wisconsin, filed a petition for a writ of habeas corpus under 28 U.S.C. § 1142, challenging a prison disciplinary hearing in which the BOP stripped him of 41 days of good-conduct time. He asked the court to "grant him the appropriate relief of restoration of his 41 days good conduct time." Dkt. 2, at 9. I allowed Williams to proceed on a claim that he was deprived of good-conduct time in violation of the Equal Protection Clause. Respondent admitted stripping Williams of good-conduct time but indicated that upon more thorough review, Williams's incident report has now been expunged and his 41 days of good-conduct time restored. Dkt. 16. Because it appeared that Williams received all of the relief he sought in his petition, I indicated that I planned to dismiss the petition as moot unless I heard otherwise from Williams. Dkt. 19.

  Williams has now responded. He says that his petition is not moot because his 41 days of good-conduct time has not been restored. Dkt. 20. He knows this, he says, because his projected mandatory release date has not changed since the incident report was expunged.

  At first glance, there appears to be a factual dispute: respondent says the good-conduct time has been restored; Williams says it hasn't. But digging deeper, it appears that the real

dispute may be about how Williams's mandatory release date is calculated. Williams appears to believe that the restoration of 41 days of good-conduct time would move up his mandatory release date by 41 days, or at least by some amount of time. Respondent appears to have anticipated this argument in a footnote explaining that "multiple factors . . . may impact [Williams's] mandatory release date." Dkt. 15, at 5 n.2. So although respondent doesn't come right out and say it, I take his position to be that Williams's mandatory release date will not change despite the restoration of good-conduct time.

At this point, I can't confirm that Williams's good-conduct time credit has actually been restored. So I will order respondent to explain whether 41 days of good-conduct time has been restored and how the restoration affects Williams's mandatory release date. I expect respondent to support his explanation with evidence showing the calculation of Williams's mandatory release date. I will allow Williams an opportunity to respond. Once I have received the parties' supplemental briefs, I will decide whether a telephonic hearing on the mootness issue is necessary.

ORDER

IT IS ORDERED that:

1. By July 2, 2018, respondent must file with the court an explanation, supported by documentary evidence, of whether petitioner's 41 days of good-conduct time has been restored and how the restoration affects petitioner's mandatory release date.

2. By July 12, 2018, petitioner may file with the court a response to respondent's explanation.

Entered June 21, 2018.

>BY THE COURT:
>
>/s/
>_____
>JAMES D. PETERSON
>District Judge