IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARIO WILLIAMS,

                      Petitioner,

  v.

LOUIS WILLIAMS, II,

                      Respondent.

ORDER

17-cv-730-jdp

---

      Pro se petitioner Mario Williams, a prisoner in the custody of the Federal Bureau of Prisons currently housed at the Federal Correctional Institution in Oxford, Wisconsin, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging a prison disciplinary hearing in which the BOP stripped him of 41 days of good-conduct time. He asked the court to "grant him the appropriate relief of restoration of his 41 days good conduct time." Dkt. 2, at 9. Respondent admitted stripping Williams of good-conduct time but indicated that upon more thorough review, Williams's incident report has now been expunged and his 41 days of good-conduct time restored. Dkt. 16. Williams countered that his 41 days of good-conduct time must not have been restored because his projected release date has not changed since the incident report was expunged. Dkt. 20. Because I could not confirm that Williams's good-conduct time credit was actually restored, which would render Williams's claim moot, I ordered respondent to explain whether all 41 days of good-conduct time were restored and how the restoration affected Williams's projected release date. Dkt. 21. Respondent has done so. I allowed Williams an opportunity to respond; he has not done so.

      Respondent explains that before the incident report was expunged, Williams's projected release date was March 10, 2019. Since the incident report was expunged, Williams's projected

release date is now February 16, 2019. Respondent has filed Bureau of Prisons records reflecting this change. *See* Dkt. 23-2 and Dkt. 23-3. Respondent explains that the projected release date moved forward by only 23 days, rather than 41 days, because of another incident report, which stripped Williams of 27 days of good-conduct time and which was not fully in effect before the incident report at issue in this case was expunged because of a Bureau of Prisons policy limiting the total number of good-conduct time days that a prisoner can lose in any given one-year period to 54 days, and because Williams remained eligible to earn four days of good-conduct time on the additional time he was to have served.

The calculations are complex, but respondent has submitted documentary evidence to support them, and Williams has given me no reason to doubt their accuracy. Because the evidence shows that Williams has received all of the relief that he could have received had I granted his habeas petition on the merits, I will dismiss his petition as moot.

ORDER

IT IS ORDERED that Mario Williams's petition for a writ of habeas corpus, Dkt. 1, is DISMISSED as moot.

Entered July 19, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge