IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARIO WILLIAMS,

                Petitioner,

    v.

LOUIS WILLIAMS, II,

               Respondent.

ORDER

17-cv-730-jdp

---

Pro se petitioner Mario Williams, a prisoner in the custody of the Federal Bureau of Prisons currently housed at the Federal Correctional Institution in Oxford, Wisconsin, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging a prison disciplinary hearing in which the BOP stripped him of 41 days of good-conduct time. He asked the court to "grant him the appropriate relief of restoration of his 41 days good conduct time." Dkt. 2, at 9. Respondent expunged the incident report and restored Williams's 41 days of good-conduct time, which was all the relief that Williams could have received had I granted his petition on the merits, so on July 19, 2018, I dismissed the petition as moot. Dkt. 24.

Then, on August 13, 2018, the court received Williams's motion for a temporary restraining order and preliminary injunction. Dkt. 26. In the motion, Williams states that he was recently given a new incident report based on the same conduct as the initial incident report and that as a result, he will not be transferred to the halfway house on August 20, 2018, as previously scheduled. A few hours later, respondent submitted a status report to the court, which indicates that the new incident report was a mistake, that it has been expunged, and that Williams is still scheduled to be transferred to a halfway house on August 20. Dkt. 27.

If Williams's transfer to the halfway house were delayed by the new incident report, his habeas petition might not be moot—habeas relief might be appropriate, which would require reopening the case and considering the merits of his petition. But if Williams is transferred to the halfway house on August 20, his request for injunctive relief would be moot. Given the time-sensitive nature of this issue, I will require respondent to notify the court within one business day of any change in Williams's scheduled transfer date and to submit documentary evidence of Williams's transfer by August 22. If I receive evidence showing that Williams has been successfully transferred to a halfway house, I will deny his motion for injunctive relief as moot. If respondent does not submit such evidence, I will decide whether additional briefing or a telephonic hearing is necessary to resolve the issue.

ORDER

IT IS ORDERED that:

1. Respondent must notify the court of any change in petitioner's scheduled date of transfer to the halfway house within one business day of the change.

2. By August 22, 2018, respondent must file with the court documentary evidence of petitioner's transfer to the halfway house.

Entered August 15, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge